UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRO BASHIRI COLEMAN-BEY,

                        Plaintiff,

        -against-

CHILDRENS AID SOCIETY; JESSICA
VICTORIA-SILK; VICTORIA KALUMBI;
ALEXIS BARBER-DARIS; MARIA
BURGOS,

                    Defendants.

19-CV-7911 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.[1] By order dated August 23, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] This action was originally filed in the United States District Court for the Eastern District of New York and was transferred here.

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Bro Bashiri Coleman-Bey brings this suit against the Children's Aid Society (CAS), three CAS employees, and an attorney from the New York City Administration for Children's Services (ACS).  He makes the following allegations:

Francine Silverstein (my Legal Adviser), Julie Robinson, Esq., Hon Elizabeth Barnett, Hon. Lillian Wan, Andrea Armstrong & Lena McMahon (Children's Lawyers), Brian Zimmerman (Attorney /Legal Advisor for Sis. T Coleman-Bey),

> Alexis Barber-Davis, Victoria Kalumbi, and Carol Lamburt [a]re all aware that I signed the HIP[A]A under threat duress & coercion hence me writing 'no choice' next to 'Reason for HIP[A]A.'

(Compl. at 6.) Plaintiff attaches to his complaint a document labeled "Authorization for Release of Health Information pursuant to HIPAA," referring to urinalysis testing with Dr. Levalenate.

CAS case manager Victoria Kalumbi allegedly "discussed [Plaintiff's] results with Dr. L." and "put the conversation in a court report and [Plaintiff's] CAS/ACS file." (*Id.*) Plaintiff contends that one or more defendants "gave illegal / unlawful findings to the judge via court report & verbally," which negatively affected him, his wife, and "four babies." (*Id.* at 7.)

Plaintiff also states that "ALL status and indigenous documents have been submitted and given for notice." (*Id.* at 6.) He attaches documents to his complaint stating that he is "Tsalagi/ Cherokee and Moorish American." (*Id.* at 16.) Plaintiff contends that he has been "judged and discriminated against" and that Defendants have imposed "another barrier to reunification with Tribe." (*Id.* at 7.)

Plaintiff sues CAS and its Director Maria Burgos; CAS Supervisor Alexis Barber-Davis; CAS case manager Kalumbi; and ACS attorney Jessica Victoria-Silk. He contends that Defendants violated his rights under the First, Fourth, Fifth, Ninth, Tenth, Eleventh, and Thirteenth Amendments, and also invokes the Universal Declaration of Human Rights (UDHR) and the "rights of the child." (*Id.* at 4.) Plaintiff requests $5 million in damages and seeks "terminations, sanctions & criminal charges." (*Id.* at 7.)

## DISCUSSION

### A.     Prosecuting Criminal Charges

"As a general matter . . . crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 14-15 (2d Cir. 2006); *Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (per curiam) ("[A] private citizen lacks a judicially cognizable interest in the

prosecution or nonprosecution of another."); *Colon v. Annucci*, 344 F. Supp. 3d 612, 620 (S.D.N.Y. 2018) ("Plaintiff cannot bring claims under . . . criminal statutes as a private citizen in a civil lawsuit."). Furthermore, prosecutors possess discretionary authority to bring criminal actions, and they are thus "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Plaintiff's allegations, seeking to impose criminal liability on one or more defendants must therefore be dismissed.

**B.      Children's Aid Society**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage."  42 U.S.C. § 1983.  Private parties are therefore not generally liable under the statute.  *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The Children's Aid Society is a "private, not-for-profit organization."  *Sevilla v. Lim*, No. 15-CV-3528 (KAM) (LB) (E.D.N.Y. July 7, 2015) (dismissing claims against CAS). A private entity's activity can be attributed to the government in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged *actions* are "fairly attributable" to the government. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). Here, Plaintiff fails to allege sufficient facts about the nature of his interactions with the CAS to state a claim that this private entity is acting under color of state law. It is not clear in

what context CAS asked Plaintiff to sign an authorization for urinalysis testing or what actions CAS was performing.

Defendants CAS and its employees, CAS Director Maria Burgos, CAS Supervisor Alexis Barber-Davis, and CAS case manager Kalumbi are private parties who do not work for any state or other government body, and Plaintiff has not alleged facts sufficient to show that they were acting under color of state law in their interactions with him. Plaintiff thus fails to state a claim against these defendants under § 1983.

## C.    ACS Attorney

Plaintiff also names Jessica Victoria-Silk as a defendant and identifies her as an "ACS attorney."  (Compl. at 3.) To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Plaintiff does not allege any facts about what Defendant Silk did or failed to do that violated his rights. Because Plaintiff does not plead facts about how Defendant Silk was personally involved in the events underlying his claims, his allegations fail to state a claim on which relief may be granted.

Moreover, the Court also notes that depending on Plaintiff's claim, and the function that the ACS attorney was engaged in, she may be entitled to absolute immunity from suit. *See Cornejo v. Bell*, 592 F.3d 121, 128 (2d Cir. 2010) (whether an "employee is entitled to absolute or qualified immunity turns on the kind of function the employee is fulfilling," and an attorney for the county who "initiates and prosecutes child protective orders and represents the interests of the Department and the County in Family Court" is entitled to absolute immunity).[2] It would

---

[2] ACS caseworkers are protected by qualified immunity for investigatory acts, and this shields them from civil liability if  "it was objectively reasonable to believe that [their] acts did

therefore be futile for Plaintiff to replead claims against the attorney, for example, for performing functions analogous to those of a prosecutor.

**D.     HIPAA**

Plaintiff's complaint could be understood as alleging that because he signed the authorization to release his medical information under duress, the disclosure to the CAS or the court violated the Health Insurance Portability and Accountability Act ("HIPAA"). HIPAA generally provides for the confidentiality of individually identifiable health information, *see* 42 U.S.C. §§ 1320d-1 to d-7, and it authorizes the Secretary of Health and Human Services to make final regulations and bring enforcement actions. *See* 42 U.S.C. § 300gg-22. HIPAA permits health care providers and other covered entities to disclose protected health information without patient consent in certain situations, such as in response to a court order. *See, e.g.*, 45 C.F.R. § 164.512(e)(1)(i), (ii).

The Second Circuit has noted that "[i]t is doubtful that HIPAA provides a private cause of action," *Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44 (2d Cir. 2015), and district courts in this circuit have uniformly held that it does not. *See, e.g., Warren Pearl Constr. Corp. v. Guardian Life Ins. Co. of Am.*, 639 F. Supp. 2d 371, 377 (S.D.N.Y. 2009) (collecting cases for the proposition that "HIPAA does not provide for either an express or implied private right of action."); *Mele v. Hill Health Ctr.,* 609 F. Supp. 2d 248, 255 (D. Conn. 2009) (holding that individuals cannot sue to enforce HIPAA or seek damages caused by such disclosures).

Plaintiff's allegations are insufficient to show a violation of HIPAA, and even if he could allege such a violation, HIPAA does not provide a private cause of action allowing an individual

---

not violate . . . clearly established rights" of which a reasonable person would have known. *Cornejo*, 592 F.3d at 128 (quoting *Young v. Cnty. of Fulton*, 160 F.3d 899, 903 (2d Cir. 1998)).

suit.

**E.      Fourth Amendment**

Drug testing constitutes a search under the Fourth Amendment, *Skinner v. Railway Labor Executives' Assn*,  489 U.S. 602, 619 (1989), and whether a particular drug testing practice constitutes an unreasonable search or invasion of privacy turns on a number of factors. *Id.* (holding that the reasonableness of a particular search "is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." ); *see also Chandler v. Miller*, 520 U.S. 305, 313 (1997) ("[G]overnment-ordered collection and testing of urine intrudes upon expectations of privacy that society has long recognized as reasonable." (internal quotation marks omitted)).  In the family law context, "a court order is the equivalent of a warrant." *Tenenbaum v. Williams*, 193 F.3d 581, 602 (2d Cir. 1999).

Moreover, in some situations "special needs, beyond the normal need for law enforcement, make the warrant and probable cause requirement impracticable." *Skinner*, 489 U.S. at 619. Such "special needs" have permitted suspicionless searches to conduct drug testing, for example, of railroad personnel involved in train accidents, *id.* at 619-634; federal customs officials who carry firearms, *Treasury Employees v. Von Raab*, 489 U.S. 656 (1989); and student athletes, *Vernonia  School Dist. 47J v. Acton*, 515 U.S. 646 (1995).

Another "specifically established exception[] to the [Fourth Amendment's] requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). "[W]here the validity of a search rests on consent, the State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given." *Fla. v. Royer*, 460 U.S. 491, 497 (1983). "Voluntariness is a question of fact to be determined from all the circumstances." *Schneckloth*, 412 U.S. at 248-49.

Here, Plaintiff alleges that he was subjected to urinalysis testing but that his consent was involuntary. (Compl. at 6) (alleging that Plaintiff signed consent form "under threat duress & coercion hence me writing 'no choice'"). These allegations, however, are insufficient to state a claim that the urinalysis testing violated Plaintiff's Fourth Amendment rights. Plaintiff's allegations, which mention the names of several judges, suggest that Plaintiff had some involvement with the Family Court, which may have ordered urinalysis testing. Plaintiff's allegations also raise questions about whether there was some individualized ground for conducting the test. Because Plaintiff's allegations suggest that the testing was done pursuant to court order and that there may have been individualized grounds for such testing, Plaintiff's allegations are insufficient to state a claim that Defendants violated his Fourth Amendment rights.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is unclear if the defects in Plaintiff's complaint can be cured with an amendment, the Court grants Plaintiff leave to amend his complaint.

Depending on the context in which Plaintiff's claims arose and the relief that Plaintiff seeks, however, it may not be appropriate to litigate Plaintiff's claims in federal court. For example, the federal courts cannot "issue a . . . child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 693 (1992). Moreover, if a Family Court proceeding is ongoing, and it can be considered "akin to a criminal proceeding," the federal court may be required to abstain from adjudicating his claims. *See Sprint Commc'n, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (citing *Moore v. Sims*, 442 U.S. 415, 419-20 (1979) (applying *Younger* abstention where parents

challenged ongoing proceedings to terminate their parental rights)). Finally, lower federal courts

lack authority to review state court orders, which must be appealed within the state court system.

*See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) (noting that "28

U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise

appellate jurisdiction over state-court judgments."); *Hoblock v. Albany Cty. Bd. of Elections*, 422

F. 3d 77, 85 (2d Cir. 2005) ("[I]n some circumstances, federal suits that purport to complain of

injury by individuals in reality complain of injury by state-court judgments").  Given the

minimal facts pleaded in Plaintiff's complaint, the Court cannot determine at this stage whether

he can assert any claim that can proceed in federal court.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of

claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each

claim against each defendant named in the amended complaint. To the greatest extent possible,

Plaintiff's amended complaint must:

    a) give the names and titles of all relevant persons;

    b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d) give the location where each relevant event occurred;

    e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated

his federally protected rights; what facts show that his federally protected rights were violated;

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-7911 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

Dated:   October 30, 2019
         New York, New York

_____
              COLLEEN McMAHON
              Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

□   **Federal Question**

□   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name              Middle Initial      Last Name

_____

Street Address

_____

County, City                        State            Zip Code

_____

Telephone Number              Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name             Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City             State            Zip Code

Defendant 2:

First Name             Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City             State            Zip Code

Defendant 3:

First Name             Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City             State            Zip Code

Defendant 4: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City             State             Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.